## Wesley Woodard v. The People ex rel., etc.

1. Bastardy—*Form of Judgment.*—The judgment entered in a bastardy proceeding was as follows: "It is therefore considered by the court upon due proof that the complaining witness, Emma A. Hornick, is, and always has been, an unmarried woman, and was delivered of a bastard child on the ...................., and on the finding of the jury that the defendant, Wesley Woodard, is the real father of said child, it is ordered and adjudged by the court that the defendant, Wesley Woodard, pay the sum of $100 for the first year, from the ...................., and $50 yearly thereafter." *It was held* that the blank spaces should have been filled with the date of the child's birth.

2. Judgments—*Clerical Errors—Omissions in Form.*—Where, in entering up a judgment in a bastardy proceeding, the clerk omitted to insert the date of the birth of the child, the Appellate Court remanded the proceedings with directions to the clerk to correct the omission.

Memorandum.—Bastardy. Appeal from the Circuit Court of McLean County; the Hon. C. D. Meyers, Judge, presiding. Heard in this court at the May term, 1894. Reversed and remanded with directions, etc. Opinion filed November 30, 1894.

A. B. Davidson, attorney for appellant; Fifer & Phillips, of counsel.

John A. Fulwiler and Rowell, Neville & Lindley, attorneys for appellees.

Mr. Justice Pleasants delivered the opinion of the Court.

This was a prosecution upon a complaint for bastardy. Defendant appeals from the judgment of the County Court on a verdict against him.

Two points are urged for a reversal—that the verdict was against the evidence, and that the judgment is defective in form and void.

The abstract does not show that any exception was taken to the overruling of his motion for a new trial, nor that error was assigned thereon. Whether the transcript does

or not we have not taken pains to ascertain, because we find evidence enough to support the conclusion of the jury.

Complainant stood alone as a witness on the side of appel-lees, but testified positively to the only material fact in issue, and with as much particularity as to time, place and ante-cedents as is usual in such cases. No other could be expected to testify to it if disputed. Defendant denied it as posi-tively.

They agreed, however, that for some time, up to Novem-ber, 1892, while she was employed as a domestic servant in his father's house, their relations were improper; that she then removed to Chicago, but met him again in April, 1893, when she made a short visit to the family. Her child was born on January 1, 1894. Their difference was as to what occurred during the visit in April. She stated the time she made it as " about the first " of that month, and he that she came on the 22d, in which he was corroborated.

She was also contradicted as to several incidents occur-ring on different occasions by several of his relatives, respect-ively, but we do not think these were of sufficient impor-tance to affect her credibility materially, or reasonably required the jury to believe him rather than her in respect to the main fact in question. His own statements respect-ing himself were not well calculated to commend him to their confidence.

The defect in the judgment is shown by the following extract : " It is therefore considered by the court, upon due proof, that the complaining witness (named) is and always has been an unmarried woman, .and was delivered of a bas-tard child on the ———— and on the finding of the jury that the defendant, Wesley Woodard, is the real father of the child, it is ordered and adjudged by the court that the defendant, Wesley Woodard, pay the sum of $100 for the first year from the ———— and $50 yearly thereafter," etc.

These blank spaces should have been filled with the date of the child's birth. R. S., Ch. 17, Sec. 8. That date was fixed by evidence in the record and undisputed. It is clear that when writing up the judgment the clerk knew that

some date was to be inserted and left the blanks therefor, but was uncertain either as to the evidence or the statute, and intended, after ascertaining the proper date, to insert it, but forgot or neglected to do it. The omission was a purely clerical error, for which the cause may properly be remanded with directions to the County Court to have each of the blanks filled by inserting "first day of January, A. D. 1894," and it will be so ordered. Moore v. The People, 13 App. 248; White v. The People, 81 Ill. p. 237.

The costs of this court will be taxed against the appellant. Reversed and remanded with directions.